IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:11-cr-00283
JUDGE GREGORY L. FROST

v.

DEBORAH L. KISTNER, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on various motions *in limine* filed by the parties in advance of a jury trial scheduled to commence on January 14, 2013. Specifically, the following filings are before the Court:

1. Defendant Deborah L. Kistner's motion *in limine* to exclude evidence and findings of fact issued by the Ohio Department of Insurance (ECF No. 85);

2. Defendant Deborah L. Kistner's motion *in limine* exclude reference to and testimony concerning active litigation in state courts (ECF No. 86);

3. Defendant Deborah L. Kistner's motion *in limine* to exclude references to "mortgage fraud" (ECF No. 87);

4. Defendant Deborah L. Kistner's motion *in limine* to exclude reference that co-defendant pleaded guilty to a conspiracy with her (ECF No. 88);

5. Defendant Deborah L. Kistner's motion *in limine* to exclude expert hypothetical regarding Defendants' mental state and/or expert testimony as to the effect of loan defaults on neighborhoods (ECF No. 89);

6. Defendant Deborah L. Kistner's motion *in limine* to exclude reference to Premier Title Agency's relationships with title insurance underwriters (ECF No. 90);

7. Defendant Deborah L. Kistner's motion *in limine* to exclude business records that are found to be unauthenticated hearsay (ECF No. 91);

8. Defendant Deborah L. Kistner's motion *in limine* to compel supplemental production of evidence that the Government intends to introduce under Fed. R. Evid. 404(b) (ECF No. 92);

9. Defendant Deborah L. Kistner's motion *in limine* to exclude general testimony of the standards and procedures of lending institutions as it relates to materiality (ECF No. 93);

10. Defendant Mark A. Kistner's motion to adopt the motions of co-defendant Deborah L. Kistner (ECF No. 95);

11. The Government's response to Defendants' request for pretrial disclosure of Fed. R. Civ. P. 404(b) evidence (ECF No. 98);

12. The Government's consolidated response to the Defendants' joint motions *in limine* (ECF No. 102);

13. The Government's motion *in limine* to preclude evidence or argument that the victim lenders were negligent (also referred to as "blame the victim" evidence) (ECF No. 97); and

14. Defendants' response to the Government's motion *in limine* (ECF No. 100).

On January 4, 2013, the Court convened an oral hearing on each of the foregoing motions.  The Court's ruling on each motion is set forth below.

### I.     Background

The Superseding Indictment in this case charges Defendants with multiple counts of bank fraud, money laundering, wire fraud, and conspiracy. Four defendants were originally named in the Superseding Indictment—two of those pleaded guilty and await sentencing, while Defendants Deborah Kistner and Mark Kistner pleaded not guilty and await trial, which is scheduled to commence on January 14, 2013.

This case involves alleged fraud and conspiracy related to several properties and transactions. Generally speaking, Defendants are charged with participating in a scheme to defraud banks through short sale fraud and fraud involving undisclosed "kickbacks" to buyers following closing of property transactions. It is further alleged that Deborah Kistner's title agency, Premier Title, operated for a significant period of time without a title insurance underwriter and concealed that fact as part of the scheme to defraud lenders.

### II.     Motion *In Limine* Standard

A motion *in limine* is a pre-trial mechanism by which this Court can give the parties advance notice of the evidence upon which they may or may not rely to prove their theories of the case at trial. Although the Federal Rules of Evidence do not explicitly authorize a court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

To obtain the *in limine* exclusion of evidence, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See id.* Any ruling on a motion in limine, however, is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court, and the district court may change its ruling where sufficient facts

have developed that warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). This Court will therefore entertain objections on individual proffers of evidence as they arise at trial, even though the proffered evidence falls within the scope of a denied motion in limine. *See id.*; see also *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing Luce, 469 U.S. at 41)).

### III. Discussion

#### A. Mark Kistner's Motion to Adopt Co-Defendant's Motions

As a threshold matter, this Court at the hearing on the various motions addressed Defendant Mark Kistner's motion to adopt as his own the motions and arguments filed by Co-Defendant Deborah Kistner. (ECF No. 95.) No party has filed an opposition to Mr. Kistner's motion. And at the hearing on the various motions, neither the Government nor Ms. Kistner opposed Mr. Kistner's motion when the Court inquired as to any objection to Mr. Kistner's request. Accordingly, and in accordance with the Court's oral ruling from the bench, the Court **GRANTS** Mr. Kistner's motion to adopt his co-Defendant's motions *in limine* and the arguments therein.

#### B. Motions Withdrawn By Defendants

At the oral hearing held on January 4, 2013, Defendants withdrew the motions *in limine* (1) to exclude references to "mortgage fraud" (ECF No. 87) and (2) to exclude "general testimony of the standards and procedures of a lending institution's [*sic*] as it relates to materiality" (ECF No. 93). In accordance with Defendants' withdrawal of the motions in open court, the motions *in limine* filed at ECF No. 87 and ECF No. 93 are **TERMINATED AS WITHDRAWN.**

### C. Request for Supplemental Disclosure of Rule 404(b) Evidence

In response to Defendants' motion for supplemental disclosure of evidence the Government intends to proffer under Fed. R. Evid. 404(b), the Government filed a disclosure that referred to numerous acts that arguably fall under the coverage of Rule 404(b). (ECF No. 98.) Without opining on whether the acts disclosed are truly in the nature of Rule 404(b) evidence, the Court finds that the Government has responded to Defendants' request for supplemental disclosure. Accordingly, Defendants' motion to compel supplemental production of Rule 404(b) evidence (ECF No. 92) is **TERMINATED AS MOOT.**

### D. Findings of Fact and Law Issued By Ohio Department of Insurance

In an action related to property that is not listed in the superseding indictment in this case, the Ohio Department of Insurance ("ODI") investigated Deborah Kistner regarding her suitability to be a licensed resident title insurance agent in the state of Ohio. To resolve the matter with the ODI, Deborah Kistner and ODI entered into a consent order. The consent order revoked Deborah Kistner's state insurance license, but Kistner did not admit or deny any charges giving rise to the ODI's investigation.

Defendants ask the Court for an *in limine* order excluding "evidence and findings of fact and law issued by the Ohio Department of Insurance Consent Order, the information provided therein, or surrounding the same" from the trial in this case. (Defs.' Mot. *In Limine* 1, ECF No. 85.) Since the evidence is not "directly relevant" to the offenses charged in this case, Defendants argue that the evidence is not relevant, unduly prejudicial under Fed. R. Evid. 403, and not otherwise admissible under Fed. R. Evid. 404(b). (*Id.* at 3-4.) For its part, the Government says it does *not* intend to introduce the ODI consent decree as evidence. The Government does,

however, intend to call a witness from the ODI to testify about certain facts uncovered by the ODI, namely that Deborah Kistner operated Premier Title without an underwriter and that she opened a second title agency (Coast 2 Coast) in the name of co-Defendant Mark Kistner in order to evade ODI and deceive underwriters.  (Gov't Response 9, ECF No. 102.)  According to the Government, such acts by Defendants were in furtherance of the conspiracy to commit the short sale fraud alleged in the Superseding Indictment.  (*Id.*)

Based on the arguments and representations of counsel during the motion hearing, the Court finds that the parties agree that the Government will not refer to the consent order during the Government's case-in-chief.  In any event, the Court finds after reviewing the consent order that the order is not relevant to the matters alleged in the superseding indictment, as the consent order arose from an investigation into properties not listed in the superseding indictment.  For that reason, the Court further finds that the ODI investigation into the specific properties referenced in the consent order is likewise irrelevant.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Defendants' motion *in limine* related to the ODI consent order (ECF No. 85).  The consent order and evidence related specifically to the ODI's findings with respect to the specific property referred to in the consent order are excluded.  The Court denies the motion *in limine* to the extent it seeks a categorical exclusion of evidence regarding Premier Title's underwriter status, Deborah Kistner's failure to maintain a title insurance underwriter, and her creation of Coast 2 Coast Title.  Defendants have failed to demonstrate at this time that such evidence is "clearly inadmissible on all possible grounds."  *Luce*, 469 U.S. at 41 n.4.

### E.  Active Litigation in State Courts

Currently pending against Deborah Kistner and several of her companies is a civil action in Florida dealing with Kistner's alleged failure to procure clear title in a real estate transaction that is not listed in the Superseding Indictment in this case.  Also, there was previously pending a criminal proceeding in an Ohio state court, in which Deborah Kistner is a co-defendant. According to Defendants, the Ohio criminal matter has been dismissed "in deference to this action."  (Motion *In Limine* 2, ECF No. 86.)  Defendants ask the Court to exclude any reference to or evidence of these other state court proceedings, arguing that they are not relevant to the offenses charged in this case and not otherwise admissible under Fed. R. Civ. P. 404(b).

In its Response, the Government states:  "The United States has no intention of introducing testimony or evidence of either case, but reserves the right to introduce evidence of *the underlying conduct* as inextricably intertwined with the conspiracies" charged in the Superseding Indictment.  (Gov't Response 12, ECF No. 102 (emphasis added).)  Though conceding that the Florida case involves specific properties that are not listed in the Superseding Indictment here, the Government contends that the civil action "related to uncharged conduct associated with the Florida kickback conspiracy." (*Id.*)  As for the Ohio criminal action, the Government contends that the case charged Deborah Kistner with paying kickbacks on properties in Ohio "around the time of the conspiracy charged in Count 1" of the Superseding Indictment.  (*Id.*)

As to the Florida litigation, there has been no showing that the underlying facts at issue there are either similar or related to the acts charged in the Superseding Indictment in this case. The Florida civil suit concerns allegations that Deborah Kistner and/or her companies failed to provide clear title and failed to satisfy first mortgages on closing.  Thus, the Court finds that the

underlying facts of the Florida case are admissible, if at all, only if they satisfy the three-step analysis for admitting "other acts" evidence under Fed. R. Evid. 404(b). *See United States v. Jenkins*, 345 F. 3d 928, 937 (6th Cir. 2003). First, the Court must decide whether there is sufficient evidence that the other bad act occurred. Second, the Court must then decide whether evidence of the other act is probative of a material issue other than character. Finally, if the first two steps are satisfied, the Court must decide whether the probative value is substantially outweighed by its potential prejudicial effect.

The second step is not satisfied with regard to the Florida action. The underlying conduct is different in kind than that charged in the superseding indictment. Thus, the Court sees no purpose to introducing the conduct underlying the Florida case except the improper purpose of establishing Deborah Kistner's bad character. Accordingly, the Court **GRANTS** the motion in limine as it relates to exclusion of evidence concerning the Florida civil case against Deborah Kistner and her companies.

As for the Ohio criminal action, the Court is not convinced that Fed. R. Civ. P. 404(b) is applicable. The Government makes a convincing case that the state court case involved facts that are part of the very conspiracies charged in this case. Indeed, even Deborah Kistner acknowledges that "the theories of the state and federal governments were similar in the respective investigations." An Ohio grand jury ultimately indicted Deborah Kistner (among others) for money laundering, receiving stolen property, and theft. The state court dismissed these charges in order to first await the outcome of this case. (Motion *In Limine* 5, ECF No. 86.)

With respect to the state case, the Court **DENIES** the motion *in limine*. Because the Government represents that it does not intend to offer evidence that the criminal case was pending against Deborah Kistner, the only real *in limine* issue before the Court is whether the

8

Government can introduce evidence of the conduct underlying those criminal charges.  Based on the arguments in the briefing and at the hearing, the Court cannot say (unlike with regard to the Florida case) that the conduct underlying the Ohio criminal case is unrelated to the offenses charged in the Superseding Indictment in this case.  Depending on what evidence the Government presents, it is conceivable that the conduct underlying the Ohio criminal case consisted of acts in furtherance of the conspiracies charged in this case.  This Court cannot evaluate the admissibility of such evidence in vacuum:  the admissibility determination will have to await the context of trial for this Court to properly determine the probative value and prejudicial effect of any evidence presented with regard to the conduct charged in Ohio.

Accordingly, for the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion *in limine* to exclude evidence of active litigation in state courts.

### F.  Guilty Pleas of Philip Ennis and Jamie Smith

The Government charged Philip H. Ennis and Jamie L. Smith as co-defendants in this case.  Ennis and Smith pleaded guilty to Count 2 of the Superseding Indictment, which alleges conspiracy to commit money laundering.  Defendants seek an *in limine* order excluding testimony that Ennis and Smith pleaded guilty to conspiring *with Deborah and/or Mark Kistner*.  While Defendants concede that the fact of Ennis's and Smith's guilty pleas to conspiracy are admissible, it is unduly prejudicial for the Government to adduce evidence that they pleaded guilty to conspiracy *with them*.

The Government acknowledges that the guilty plea of a co-defendant is not admissible as substantive evidence of another co-defendant's guilt but, rather, is admissible for the purpose of addressing a witness's credibility.  *See United States v. Christian*, 786 F.2d 203, 214 (6th Cir.

1986).  The Government therefore intends to introduce evidence of the co-defendants' guilty pleas as evidence related to credibility, but says it does not intend to introduce the various statements of facts associated with those guilty pleas during direct examination of the co-defendant witnesses.  (Gov't Response 10, ECF No. 102.)  The Government repeated this intention during the hearing on the various motions *in limine*.

Based on the Government's representations and the arguments of counsel, the Court **DENIES** Defendants' motion *in limine* to exclude references to guilty pleas to a conspiracy with Deborah and/or Mark Kistner (ECF No. 88).  As the Government expresses no intent to make the references or elicit the testimony that Defendants seek to exclude in this motion, there is no need for an *in limine* order excluding them.

### G.  "Expert Hypothetical" Regarding Mental State and/or Effect of Loan Defaults

Defendants ask for an *in limine* order excluding "government expert witnesses" from testifying to the Defendants' "state of mind" and/or the "neighborhood impact" of the loan defaults alleged in this case.  (ECF No. 89.)  According to Defendants, allowing an expert to testify as to how certain responses to questions on loan applications or settlement statements "can 'raise red flags' of fraud" would, in essence, allow an expert to opine on whether Defendants had the requisite mental state for fraud.  (*Id.* at 3.)  Defendants argue that such testimony is impermissible under Fed. R. Evid. 704(b), which prohibits an expert from stating an opinion "about whether the defendant did or did not have a mental state or condition that constitutes an element of the offense."  As to the impact of loan defaults on neighborhoods, Defendants theorize that such testimony is not relevant under Fed. R. Evid. 401 and unduly prejudicial under Fed. R. Civ. 403.

In its response and again at the hearing, the Government stated that it does *not* intend to call an expert witness to testify with regard to any mental state of Defendants or to any neighborhood impact of loan defaults. In light of the fact the Government does not intend to call an expert to testify to the matters of concern to Defendants, the Court **DENIES** Defendants' motion *in limine* (ECF No. 89). There is no need for an *in limine* order to exclude evidence that the Government expresses no intent of introducing at trial.

### H.  Premier Title Agency's Relationships with Title Insurance Underwriters

From the time Deborah Kistner opened the Premier Title Agency in October 2005 until sometime in 2008, Premier utilized two title insurance underwriters: Premier parted ways with one of them in 2007 and the other in 2008. From 2008 until 2011, however, Premier operated without a title insurance underwriter. Defendants ask the Court to exclude any reference at trial to Premier's "relationship with certain title insurance underwriters" on the basis that such evidence is (1) not relevant and (2) not admissible as "other acts" evidence under Fed. R. Evid. 404(b). (Motion *In Limine* 3-4, ECF No. 90.) During the in-court hearing, Deborah Kistner's counsel explained that the concern lies with the "innuendo" that the title insurers dumped Premier because of Defendants' wrongdoing.

The Government opposes Defendants' motion *in limine*, emphasizing the relationship with General Title: the Government contends that General Title did, in fact, terminate its relationship with Premier Title in 2009 due to fraud allegations similar to those alleged in the Superseding Indictment. (Gov't Response 7, ECF No. 102.) The evidence of the underwriter relationships (or lack thereof) is, according to the Government, "very probative of [Deborah Kistner's] intent to defraud lenders." (*Id.* at 8.)

11

At the hearing on the motions *in limine*, the Government represented that it would present evidence and testimony related *only* to the relationship with General Title that ended in 2009. The Government would not seek to offer evidence concerning relationships with other title insurers in years prior to that. With that understanding, counsel for Deborah Kistner indicated that he had no *in limine* objection to the General Title evidence.

Based on the representations of counsel at the hearing, the Court finds no reason for an *in limine* order excluding evidence of Premier Title's relationships with underwriters. The Court therefore **DENIES** Defendants' motion *in limine* (ECF No. 90).

### I. Business Records That Are "Unauthenticated Hearsay"

Defendants also move for an *in limine* order excluding any and all business records "found to be unauthenticated hearsay." (ECF No. 91.) Defendants do not identify any specific record that they suspect will be unauthenticated. They appear to simply be seeking assurance that any records introduced will be properly authenticated. (*Id.* at 3-4.)

The Government represented to the Court in its Response and at the hearing that any records sought to be introduced would be authenticated through either a proper testifying witness or by pretrial stipulation. Based upon these representations, the Court sees no need for an *in limine* order of exclusion. Even without such a representations by the Government, the Court would be hard pressed to grant Defendants' motion, as it seeks an *in limine* order of exclusion with respect to unspecific evidence. For these reasons, Defendants' motion *in limine* regarding purported "unauthenticated hearsay" (ECF No. 91) is **DENIED**.

### J. Government's Motion *In Limine*

The Government's motion *in limine* deals with so-called "blame the victim" evidence: the Government asks the Court to exclude evidence or argument that mortgage lenders were

12

negligent in approving real estate loans applications. (ECF No. 97.) Lack of vigilance with regard to the alleged fraud, the Government contends, is not a defense to fraud. *See, e.g., United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004).

In response, Defendants dispute the notion that they are seeking to "blame the victim" as part of their defense. Rather, they argue that lenders' practices and procedures at the time of the alleged conduct are relevant to the issue of whether Defendants' actions were material. Because Defendants face charges that place at issue "the purpose or intent for providing certain documents, or failing to provide certain documents," Defendants argue that the materiality of these documents is squarely at issue. (Defs.' Response 4, ECF No. 100.)

The Court agrees with Defendants that the Government's requested *in limine* order inappropriate. Materiality of Defendants' actions and omissions is relevant to the Government's case against Defendants: in order to prove a scheme to defraud, the Government must demonstrate the materiality of the allegedly fraudulent acts. The actions or inactions of the various lenders could be probative of the issue of materiality.

The Court notes that it is difficult to assess the so-called "blame the victim" evidence in a vacuum. It is conceivable that Defendants could go too far afield during cross-examination of lender witnesses, making the cross-examination look like a fishing expedition into what was or was not material to the lenders. If Defendants go too far in their cross-examination, the Government is free to interpose an appropriate objection at that time. But at this time, there is no need for an *in limine* order of exclusion, as the Government has not established that the evidence is clearly inadmissible on all grounds. *Luce*, 469 U.S. at 41 n.4.

The Government's motion *in limine* (ECF No. 97) is **DENIED**.

## IV. Conclusion

As set forth above, the Court disposes of motions *in limine* of the parties as follows:

1.  The Court **GRANTS IN PART AND DENIES IN PART** Defendants' first motion *in limine* to exclude evidence and findings of fact and law issued by the Ohio Department of Insurance (ECF No. 85);

2.  The Court **GRANTS IN PART AND DENIES IN PART** Defendants' second motion *in limine* to exclude reference to and testimony of active litigation in state courts (ECF No. 86);

3.  The Court **TERMINATES AS WITHDRAWN BY DEFENDANTS** the third motion *in limine* to exclude references to "mortgage fraud" (ECF No. 87);

4.  The Court **DENIES** Defendants' fourth motion *in limine* to exclude reference that co-defendants pleaded guilty to a conspiracy with them (ECF No. 88);

5.  The Court **DENIES** Defendants' fifth motion *in limine* to exclude expert hypothetical regarding mental state and/or expert testimony as to loan defaults' effect on neighborhoods (ECF No. 89);

6.  The Court **DENIES** Defendants' sixth motion *in limine* to exclude reference to Premier Title Agency's relationships with title insurance underwriters (ECF No. 90);

7.  The Court **DENIES** Defendants' seventh motion *in limine* to exclude business records that are found to be unauthenticated hearsay (ECF No. 91);

8.  The Court **TERMINATES AS MOOT** Defendants' motion *in limine* to compel production of supplemental Rule 404(b) evidence (ECF No. 92);

9. The Court **TERMINATES AS WITHDRAWN BY DEFENDANTS** the motion *in limine* to exclude general testimony of the standards and procedures of a lending institution (ECF No. 93);

10. The Court **GRANTS** Defendant Mark Kistner's motion to adopt the motions and arguments of his co-defendant (ECF No. 95);

11. The Court **DENIES** the Government's motion *in limine* to preclude evidence or argument that victim lenders were negligent.

As with all decisions *in limine*, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pretrial motions and memoranda.

**IT IS SO ORDERED**.

   /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE