# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:11-cr-283 |
| **Plaintiff,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | |
| **MARK A. KISTNER,** : | |
| : | |
| **Defendant.** | |

## OPINION & ORDER

### I.  INTRODUCTION

This matter comes before the Court on the United States' Motion for Reconsideration and Clarification. (ECF No. 206).  Defendant submitted a Response in Opposition to Plaintiff's Motion.  (ECF No. 207).  For the reasons set forth below, the United States' Motion is **DENIED**.

### II.  BACKGROUND

This matter involves a forfeiture stipulation in a plea agreement pertaining to Defendant's Lincoln Financial Investment Account.  On January 17, 2013, Defendant agreed to plead guilty to Count 9 of the superseding indictment charging him with conspiracy to commit money laundering offenses in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 1956(h).  (ECF No. 114 at ¶ 1).  The plea agreement stipulated that Defendant agreed with the forfeiture count set forth in the indictment. *Id* at ¶ 8.  Importantly, in ¶ 8, the plea agreement discussed the funds contained in the Lincoln Financial Investment Account, and the U.S. Government agreed to "forfeit the remainder of the account after payment from that account of any penalties, interest, or taxes that may be assessed." *Id.*  As per the plea agreement, the Government paid the state taxes and some, but not all, of the federal taxes from the forfeited account.  (ECF No. 191 at 2; ECF No. 206 at

5). In a Motion to Enforce Plea Agreement, Defendant argued that the Government's unwillingness to pay the federal taxes had caused various penalties and interest to accrue. (ECF No. 191). The Government argued the provision only applied to taxes related to that specific account and not to Defendant's personal taxes. (ECF No. 192 at 2). Defendant also argued that the plain terms of the plea agreement contained no such limitation and sought to enforce the terms of the plea agreement. (ECF No. 191). This Court granted Defendant's Motion to Enforce and ordered the United States to pay the remaining federal taxes due for the year 2013 and to pay and/or work with the IRS to remove penalties, interest, and taxes that accrued as a result of that instance of nonpayment. (ECF No. 205). The United States now moves this Court to Reconsider its prior Order and clarify its scope so that the Government is only required to pay $16,864.60 of the $34,775.02 due. (ECF No. 206).

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, 2006 WL 3483964, at *2 (S.D. Ohio 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of

finality ... and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id*. A motion under Rule 59(e) may not be brought to relitigate issues previously considered by a court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006).

## IV.   LAW & ANALYSIS

The United States (hereinafter "Plaintiff") requests that this Court reconsider its opinion and clarify the scope of this Court's October 23, 2019 order granting Defendant's Motion to Enforce. (ECF No. 206). Plaintiff argues that portions of the Court's opinion suggest that no federal taxes had been paid and that the Court's order requires "only payment of federal taxes 'due from the forfeited funds for the year 2013.'" (ECF No. 206 at 6). Plaintiff does not argue that the Court committed a clear error of law, does not present newly discovered evidence, and does not demonstrate an intervening change in controlling law as required for this Court to grant its Motion for Reconsideration. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003).

This Court's prior Order did suggest that Plaintiff had not paid any federal taxes. Nonetheless, the fact that Lincoln Financial had withheld $64,120.14 in federal taxes prior to sending the remaining funds to the United States was neither material to the Court's reasoning nor mentioned in the United States' briefing in response to Defendant's Motion to Enforce. (ECF No. 192). Ultimately, it was the United States' failure to pay the full amount of taxes owed that constituted a breach of the plea agreement.

Additionally, this Court's October 23, 2019 order did not limit Plaintiff's obligation to pay the full amount of taxes to only $16,864.60 of the $34,775.02 due. As this Court indicated in its prior order, the plain terms of the plea agreement require the United States to pay all of the

taxes assessed, and not merely the taxes assessed on the Lincoln Financial account. Even if the plea agreement were ambiguous, which it is not, that ambiguity would lead to it being construed against the Government as the drafter of the plea agreement. *See United States v. Debreczeny*, 69 F. App'x 702, 707-08 (6th Cir. 2003) (noting "[c]ourts construe ambiguity in plea agreements generally in favor of the defendant and against the government"); *United States v. Cogley*, 38 F. App'x 231, 234 (6th Cir. 2002) ("A court should hold the Government to a greater degree of responsibility than the defendant for imprecisions or ambiguities in plea agreement.").

In summary, Plaintiff is using a Motion for Reconsideration to achieve a second bite of the apple by reasserting the same arguments presented earlier. This is not the purpose of a Motion for Reconsideration. *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003) (noting that "a motion to reconsider should not be used to re-litigate issues previously considered"). Accordingly, this Court rejects Plaintiff's argument.

### V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED.** The United States is **ORDERED** to pay the remaining $34,775.02 in federal taxes due and to comply with the terms of this Court's October 23, 2019 order.

**IT IS SO ORDERED.**

                                        **/s/ Algenon L. Marbley**
                                        **ALGENON L. MARBLEY**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: April 27, 2020**